**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| FRASHARD KNOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 21-cv-00592-LKG |
| v. ) | |
| ) | Dated: October 28, 2021 |
| MCDONALDS CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

Plaintiff, Frashard Knott, brought this employment discrimination action against McDonalds Corporation ("McDonald's"),[1] pursuant to the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). *See generally* Compl., ECF No. 1. In the complaint, plaintiff alleges that he was subjected to a hostile work environment during his employment with McDonald's and that he was improperly terminated after complaining of discrimination based upon sex. *See id.* at ¶¶ 27-31.

McDonald's has moved to partially dismiss this matter upon the ground that plaintiff has failed to exhaust his administrative remedies with regards to several of his discrimination claims. *See generally* Def. Mot., ECF No. 6. For the reasons that follow, the Court **GRANTS-in-PART** and **DENIES-in-PART** McDonald's partial motion to dismiss.

---

[1] McDonald's represents to the Court that McDonald's Restaurants of Maryland, Inc. is plaintiff's employer and should be substituted as the proper defendant in this case. Def. Reply at 1.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

### A.    Factual Background

This employment discrimination action involves claims that McDonald's discriminated and retaliated against plaintiff upon the basis of sex, in violation of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). *See generally* Compl. Specifically, plaintiff alleges that McDonald's and its agents and employees have discriminated against him upon the basis of sex, subjected him to a hostile work environment, and retaliated against him by terminating his employment after he engaged in protected activity. *Id.* at ¶¶ 28, 31. As relief, plaintiff seeks, among other things, to recover punitive and compensatory damages from McDonald's. *Id.* at ¶¶ 29, 32.

As background, plaintiff, Frashard Knott, is a 22-year-old male residing in Maryland. *Id.* at ¶ 7. Plaintiff began working for McDonald's as a Crew Member/Cashier in May 2019, at the McDonald's located on Bryans Road in Charles County, Maryland. *Id.* Plaintiff was supervised by a woman named "Dormani." *Id.* On July 4, 2020, McDonald's terminated plaintiff's employment. Def. Mot. Ex. A, ECF No. 6-2.

Plaintiff alleges that he was subjected to multiple acts of discriminatory conduct while employed by McDonald's. Compl. at ¶¶ 8-26. First, plaintiff alleges that, on or about June 5, 2020, Dormani stated, "[w]hy is this faggot ass bitch even talking to me?" *Id.* at ¶ 8. Plaintiff also alleges that, on June 9, 2020, Dormani removed plaintiff from the work schedule and told him not to come back to the location. *Id.* at ¶ 9. In addition, plaintiff alleges that, on June 11, 2020, another manager at McDonald's overheard Dormani call plaintiff a "faggot." *Id.* at ¶ 10. Plaintiff also alleges that, on or about June 16, 2020, another employee told plaintiff that he heard a "false rumor" that plaintiff wanted to engage in a sexual relationship with the employee. *Id.* at ¶ 12. The employee told plaintiff that Dormani spread the false rumor. *Id.*

On June 22, 2020, plaintiff met with McDonald's human resources department and he informed McDonald's officials about Dormani calling him a "faggot" and about the false rumor that he wanted to engage in a sexual relationship with another employee. *Id.* at ¶ 14. During this

---

[2] The facts recited herein are derived from the complaint and are accepted as true for the purposes of resolving the pending partial motion to dismiss.

2

meeting, plaintiff alleges that he told McDonald's officials that he was "subject to bullying" from Dormani. *Id.* Plaintiff alleges that, in response to his complaint, the McDonald's officials told plaintiff to "stop acting like a victim," and that they would investigate the allegations. *Id.* at ¶ 15.

On June 26, 2020, a representative from McDonald's human resources department told plaintiff that he was suspended from work for three days, and that he would be transferred to another McDonald's location in Prince George's County, Maryland. *Id.* at ¶ 18. After being informed that he would be transferred to another location, plaintiff repeated the allegations of discrimination that he previously made on June 22, 2020, to "Rodrigo," a Director of Operations for McDonald's. *Id.* at ¶ 19. Plaintiff alleges that he also asked Rodrigo if he could work at a McDonald's location closer to his home and that Rodrigo said he could not. *Id.* Plaintiff further alleges that he repeated his allegations of discrimination to Kristina Donchaz, a manager at McDonald's, on June 27, 2020. *Id*. at ¶ 21. On July 3 and 4, 2020, Ms. Donchaz and Rodrigo informed plaintiff that he had been fired from McDonald's. *Id.* at ¶¶ 25-26.

On August 17, 2020, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and the Maryland Commission on Civil Rights. *Id.* at ¶ 6; Def. Mot. Ex A. Plaintiff's charge of discrimination states that he experienced retaliation and discrimination based on sex from June 2020 to July 2020. Def. Mot. Ex. A. Plaintiff's charge of discrimination also contains the following allegations: (1) that on June 5, 2020, Dormani stated, "[w]hy is this faggot ass bitch even talking to me;" (2) that on June 9, 2020, Dormani removed plaintiff from the work schedule and eventually told him not to come back to work; (3) that on June 17, 2020, plaintiff texted a general manager and district manager to "discuss the discrimination" and subsequently met with said managers regarding the issue; and (4) that plaintiff was terminated by McDonald's on July 4, 2020. *See id*. Plaintiff subsequently received a right-to-sue letter from the EEOC. Compl. at ¶ 6.

### B. Procedural History

Plaintiff commenced this action on March 8, 2021. *See generally id.* On May 11, 2021, defendant filed an amended partial motion to dismiss and memorandum in support thereof. *See generally* Def. Mot.; Def. Mem., ECF No. 6-1. On June 1, 2021, plaintiff filed a response in

opposition to defendant's motion.  *See generally* Pl. Resp., ECF No. 12.  On June 15, 2021, defendant filed a reply in support of its motion.  *See generally* Def. Reply, ECF No. 17.

Defendant's motion to partially dismiss having been fully briefed, the Court resolves the pending motion.

## III.   LEGAL STANDARDS

### A.   Rule 12(b)(6)

When considering a motion to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6), the Court must consider all well-pled allegations in a complaint to be true and construe all factual allegations in the light most favorable to the plaintiff.  *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).  But, the Court need not accept as true unsupported legal allegations, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events.  *See Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  And so, the Court should grant a motion to dismiss under Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also* Fed. R. Civ. P. 8(a)(2) (generally requiring a "short and plain statement of the claim showing that the pleader is entitled to relief").

### B.   Title VII Claims

Title VII prohibits employment discrimination based on race, color, religion, sex and national origin.  *See* 42 U.S.C. § 2000e.  Title VII requires that a plaintiff file a charge of discrimination with the EEOC before filing suit in this Court.  *See id.* § 2000e-5(f)(1) (permitting civil suit by the "person claiming to be aggrieved" after filing of a charge with the EEOC and upon receipt of a right-to-sue letter); *see also, e.g.*, *Puryear v. Cnty. of Roanoke*, 214 F.3d 514, 518 (4th Cir. 2000) ("[T]he aggrieved person may initiate a civil action based on the Title VII claims made in her EEOC charge only after receipt of a right-to-sue letter."); *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005).  This "exhaustion requirement ensures that the employer is

put on notice of the alleged violations so that the matter can be resolved out of court if possible." *Miles*, 429 F.3d at 491.[3]

The United States Court of Appeals for the Fourth Circuit has recognized that the exhaustion requirement is not "simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005). Rather, together with the agency investigation and settlement process it initiates, this requirement "'reflects a congressional intent to use administrative conciliation as the primary means of handling claims, thereby encouraging quicker, less formal, and less expensive resolution of disputes.'" *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407 (4th Cir. 2013) (quoting *Chris v. Tenet*, 221 F.3d 648, 653 (4th Cir. 2000)).

The Supreme Court has also held that "Title VII's charge-filing instruction is not jurisdictional," but, rather, this requirement is "properly ranked among the array of claim-processing rules that must be timely raised to come into play." *Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1846 (2019). Given this, a plaintiff's failure to exhaust his administrative remedies during the EEOC process does not affect the Court's jurisdiction over a Title VII claim. *See id.* at 1851. But, Title VII's requirement to exhaust administrative remedies is, nonetheless, a mandatory prerequisite to filing suit in this Court. *See id.* ("Title VII's charge-filing requirement is a processing rule, albeit a mandatory one . . . ."). And so, the Court will dismiss a discrimination claim brought under Title VII if the claim has not been properly raised during the EEOC process. *See, e.g.*, *Jones v. Calvert Grp.*, 551 F.3d 297, 300 (4th Cir. 2009) ("'Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit.'") (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996)); *Miles*, 429 F.3d at 491. In this regard, "the scope of [a plaintiff's] civil action is confined only by the administrative investigation that can reasonably be

---

[3] To determine whether a plaintiff has "properly alleged [a claim] before the EEOC," courts "may look only to the charge filed with that agency." *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 408 (4th Cir. 2013); *see also Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962-63 (4th Cir. 1996) ("The allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint."*)*; *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005) ("This charge frames the scope of future litigation.").

expected to follow from the charge of discrimination." *Chisholm v. U.S. Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981) (citations omitted).

### IV.    ANALYSIS

McDonald's has moved to partially dismiss this matter, pursuant to Fed. R. Civ. P. 12(b)(1), upon the ground that plaintiff has not exhausted his administrative remedies with regards to his discrimination claims premised upon: (1) the allegation that a McDonald's human resources representative told plaintiff to "stop acting like a victim;" during a meeting held on June 22, 2020; (2) plaintiff's three-day suspension on June 26, 2020; (3) plaintiff's transfer to another McDonald's restaurant; (4) the denial of plaintiff's request for a transfer to a closer McDonald's restaurant; (5) plaintiff's supervisor, Dormani, calling plaintiff a "faggot;" (6) Dormani bullying plaintiff; and (7) Dormani spreading a false rumor that plaintiff wanted to engage in a sexual relationship with another employee. *See generally* Def. Mem.; *see also* Compl. at ¶¶ 10, 12, 14, 15, 18, 19. And so, defendant requests that the Court dismiss these claims, because the allegations do not appear in plaintiff's charge of discrimination and a reasonable investigation of the claims in the charge of discrimination would not have put defendant on notice of these claims. Def. Mem. at 4; Def. Reply at 5-6.

Plaintiff counters that his charge of discrimination put defendant on notice of all of the claims in the complaint, because these claims are reasonably related to his charge of discrimination. Pl. Resp. at 5-8. And so, plaintiff requests that the Court deny defendant's motion. *Id.* at 4.

For the reasons set forth below, a careful reading of the complaint and plaintiff's charge of discrimination makes clear that plaintiff has failed to exhaust his administrative remedies with regards to the discrimination claims in this case that are premised upon: (1) the allegation that a McDonald's human resources representative told plaintiff to "stop acting like a victim" during a meeting held on June 22, 2020; (2) plaintiff's three-day suspension; (3) plaintiff's transfer to another McDonald's restaurant; and (4) the denial of plaintiff's request for a transfer to a closer McDonald's restaurant. And so, the Court must dismiss these claims. Fed. R. Civ. P. 12(b)(6).

### A. The Court Considers McDonald's Motion Under Rule 12(b)(6)

The Court observes as an initial matter that it must treat defendant's partial motion to dismiss as a partial motion to dismiss for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Defendant seeks the dismissal of certain employment discrimination claims upon the ground that plaintiff has failed to exhaust administrative remedies. Def. Mem. at 2. In *Fort Bend County, Texas v. Davis*, the Supreme Court clarified that failure to exhaust administrative remedies during the EEOC process does not affect the Court's jurisdiction over a Title VII claim. *See Davis.*, 139 S. Ct. at 1850. Rather, Title VII's requirement to exhaust administrative remedies is a prerequisite to filing suit in this Court. *See id.* at 1851. ("Title VII's charge-filing requirement is a processing rule, albeit a mandatory one . . . ."). And so, the Court possesses subject-matter jurisdiction to consider discrimination claims that have been brought under Title VII, even if those claims have not been properly raised during the EEOC process. *See id.* at 1850.

### B. Plaintiff Has Not Exhausted Administrative Remedies For Several Of His Title VII Claims

While the Court possesses subject-matter jurisdiction to consider plaintiff's Title VII claims, the Court must, nonetheless, dismiss such claims if plaintiff has not exhausted his administrative remedies. *See id*. at 1851. And so, the Court considers here whether plaintiff's discrimination claims have been properly raised during the EEOC process. *See, e.g.*, *Jones*, 551 F.3d at 300.

A careful reading of the complaint and plaintiff's charge of discrimination makes clear that several of plaintiff's discrimination claims have not been properly raised before the EEOC. In this regard, the United States Court of Appeals for the Fourth Circuit has long held that "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Evans*, 80 F.3d at 963 (citation omitted). And so, to pursue his employment discrimination claims here, plaintiff must show that the claims raised in the complaint are either: (1) stated in his August 17, 2020, charge of discrimination; (2) reasonably related to that charge of discrimination; or (3) could have been developed by a

reasonable investigation of the charge of discrimination. *See id*. Plaintiff cannot make such a showing with regards to several of the allegations that support his Title VII claims.

Several of plaintiff's claims in this case are not contained in his charge of discrimination. Plaintiff states in his charge of discrimination that he was discriminated against upon the basis of sex, and retaliated against, when: (1) his supervisor, Dormani, stated "[w]hy is this faggot ass bitch even talking to me," on June 5, 2020; (2) Dormani removed him from the work schedule on June 9, 2020; and (3) his employment was terminated on July 4, 2020. *See* Def. Mot. Ex. A. Given this, plaintiff's charge of discrimination addresses the alleged discriminatory conduct of Dormani and the termination of plaintiff's employment on July 4, 2020. *See id.*

But, plaintiff makes no reference in the charge of discrimination to any discriminatory conduct occurring during his June 22, 2020, meeting with McDonald's management. *See id*. Nor does plaintiff reference his three-day suspension, his transfer to another McDonald's restaurant, or the denial of his request to be transferred to a closer McDonald's restaurant in the charge of discrimination. *See id.*

The charge of discrimination is similarly devoid of any allegations about plaintiff's supervisor, Rodrigo, who is the subject of plaintiff's claim that defendant discriminated and retaliated against him by denying his request for a transfer to a closer McDonald's restaurant. Compl. at ¶ 19; Def. Mot. Ex. A. And so, plaintiff's discrimination claims premised upon: (1) the allegation that a McDonald's human resources representative told plaintiff to "stop acting like a victim" during a meeting held on June 22, 2020; (2) plaintiff's three-day suspension and plaintiff's transfer to another restaurant; and (3) the denial of plaintiff's request for a transfer to a closer McDonald's restaurant are clearly not raised in the charge of discrimination.

The Court also agrees with defendant that these claims are not reasonably related to the claims in plaintiff's charge of discrimination. Again, the focus of plaintiff's charge of discrimination is the alleged discriminatory conduct of Dormani and the termination of plaintiff's employment. Def. Mot. Ex. A. But, the additional allegations at issue pertain to either a different supervisor, Rodrigo, or to different alleged discriminatory conduct. *See Chacko*, 429 F.3d at 510 ("[T]he EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals.") (quoting *Kersting v. Wal-Mart Stores, Inc*., 250 F.3d 1109, 1118 (7th Cir. 2001)).

8

Plaintiff's argument that these discrimination claims could have been developed by a reasonable investigation of his charge of discrimination is also unpersuasive. *See* Pl. Resp. at 6-8. Because the focus of the charge of discrimination is the alleged discriminatory conduct of Dormani, and plaintiff's termination on July 4, 2020, McDonald's simply could not have been put on notice of the discrimination claims involving Rodrigo, plaintiff's three-day suspension and transfer, or the alleged discriminatory conduct that occurred during plaintiff's June 22, 2020, meeting with management. And so, the Court must dismiss these claims. Fed. R. Civ. P. 12(b)(6).

Plaintiff is on much firmer ground in arguing that his discrimination claims premised upon the alleged conduct of his supervisor, Dormani, have been administratively exhausted. Pl. Resp. at 7. Plaintiff alleges in the complaint that Dormani called him a "faggot," spread a false rumor that plaintiff wanted to engage in a sexual relationship with another employee, and bullied plaintiff. Compl. at ¶¶ 10, 14. While plaintiff's charge of discrimination does not contain these specific allegations, the Court is satisfied that these claims could have been developed by defendant through a reasonable investigation of plaintiff's charge of discrimination. And so, plaintiff has exhausted his administrative remedies with regards to the employment discrimination claims premised upon these allegations.

## V.  CONCLUSION

In sum, plaintiff has not exhausted his administrative remedies with regards to his Title VII claims premised upon: (1) the allegation that a McDonald's human resources representative told him to "stop acting like a victim" during a meeting held on June 22, 2020; (2) his three-day suspension; (3) his transfer to another McDonald's restaurant; and (4) the denial of his request for a transfer to a closer McDonald's restaurant. And so, the Court must dismiss these claims. Fed. R. Civ. P. 12(b)(6). For the foregoing reasons, the Court:

1. **GRANTS-in-PART** and **DENIES-in-PART** defendant's partial motion to dismiss; and
2. **DISMISSES** plaintiff's Title VII claims premised upon: (1) the allegation that a McDonald's human resources representative told plaintiff to "stop acting like a victim" during a meeting held on June 22, 2020; (2) plaintiff's three-day suspension;

(3) plaintiff's transfer to another McDonald's restaurant; and (4) the denial of plaintiff's request for a transfer to a closer McDonald's restaurant.[4]

Defendant shall answer the remaining claims in this case **on or before November 18, 2021**. It is further **ORDERED** that the Clerk of Court shall substitute McDonald's Restaurants of Maryland, Inc., as the proper defendant in this case.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

---

[4] Plaintiff's claims are dismissed with prejudice. Courts have generally dismissed discrimination claims for failure to exhaust administrative remedies without prejudice when a plaintiff still had an opportunity to file timely administrative charges. But, dismissal of such claims with prejudice is warranted if, as is the case here, the claims are time-barred. *Compare Lebron-Rios v. U.S. Marshal Serv.*, 341 F.3d 7, 15 (1st Cir. 2003) (holding that where plaintiffs "still had an opportunity to file timely administrative charges at the time the district court dismissed their claims," dismissal should have been without prejudice), *and Robinette v. Union Hosp.*, No. 17-3471, 2018 WL 2106403, at *2 (6th Cir. Mar. 22, 2018) (upholding dismissal for failure to file an EEOC charge, but vacating dismissal with prejudice because "the district court failed to appreciate that [plaintiff] asked for a dismissal without prejudice well within the 300-day period"), *with Williams v. West*, No. 97-60493, 1998 WL 30118, at *1 (5th Cir. Jan. 15, 1998) (affirming dismissal with prejudice where plaintiff failed to allege any discriminatory acts occurring within the 45-day period preceding his initial contact with an EEOC counselor as required by 29 C.F.R. § 1614.105(a)(1)).